## F. S. PINKUS v. MINNEAPOLIS LINEN MILLS and Others.[1]

June 4, 1896.

Nos. 10,108—(156).

### Stockholder—Acquiescence in Corporate Act—Effect.

When an act done by the directors of a corporation is in fact unauthorized, but was done with the bona fide intention of benefiting the corporation, a shareholder, knowing thereof, who does not dissent within a reasonable time, will be presumed to have assented to the act, if his failure to dissent is unexplained.

### Same—Unauthorized Exchange by Directors—Ratification—Equitable Estoppel.

The business of the defendant corporation was a failure, and was indefinitely discontinued to save further loss. It was in debt, but its plant was not salable for money at a fair valuation. Thereupon the directors, with the approval of all of the shareholders except the plaintiff, in good faith in the exercise of reasonable business prudence, exchanged a part of the plant for paid-up shares of the capital stock of another corporation, which was a going concern and authorized to engage in the business of manufacturing knit goods. The articles of incorporation of the defendant company did not authorize such exchange, but the plaintiff was fully advised of the transaction at the time, but not before it was completed, and he in no way dissented or objected to the exchange for more than two years. In the meantime the directors took no steps to rescind the sale, but sold the balance of the plant and paid the debts of the corporation. *Held*, that the plaintiff, as such shareholder, cannot maintain this action to recover from the directors and the corporation his proportionate share· of the property so exchanged.

Appeal by plaintiff from an order of the district court for Hennepin county, Belden, J., denying a motion for a new trial. Affirmed.

*Judson L. Wicks* and *C. L. Lamb*, for appellant.

The transaction complained of was beyond the authorization of the charter, and illegal unless ratified by all the stockholders. Morawetz, Priv. Corp. § 415; Black v. Delaware & R. Canal Co., 24 N. J. Eq. 455. When a corporation has determined to go out of business, the directors must convert the assets into cash and distribute

[1] Reported in 67 N. W. 643.

the cash among its members. Morawetz, Priv. Corp. § 415. They have no right to barter the assets for stock in other corporations. Id.; Frothingham v. Barney, 6 Hun, 366; McCurdy v. Myers, 44 Pa. St. 535; Taylor v. Earle, 8 Hun, 1.

Even if stock of fixed money value and convertible into cash may be exchanged, as said in Treadwell v. Salisbury Mnfg. Co., 7 Gray, 393, the court has not found the value of the stock or any facts constituting such exception. Byrne v. Schuyler E. M. Co., 65 Conn. 336, 31 Atl. 833. Plaintiff never consented to take stock in a hosiery company. Mason v. Pewabic Min. Co., 133 U. S. 50, 10 Sup. Ct. 224. Plaintiff has disavowed the wrongful act and seeks to recover the value of the property converted. See Frothingham v. Barney, supra; Byrne v. Schuyler E. M. Co., supra. Plaintiff may prosecute the action personally, since the corporation is in control of those who committed the unlawful act. Rothwell v. Robinson, 39 Minn. 1, 38 N. W. 772. He is not estopped. Califf v. Hillhouse, 3 Minn. 217 (311). See Village of Wayzata v. Great North. Ry. Co., 46 Minn. 505, 49 N. W. 205.

He has not lost his right by laches. Mere silence or failure to complain does not amount to acquiescence or ratification. Fitzgerald v. Fitzgerald & M. C. Co., 44 Neb. 463, 62 N. W. 899; Wald's Pollock, Cont. 546; Pence v. Langdon, 99 U. S. 578; Montgomery v. Pickering, 116 Mass. 227; Tarkington v. Purvis, 128 Ind. 182 25 N. E. 879; Moxon v. Payne, L. R. 8 Ch. App. 881; Foley v. Holtry, 41 Neb. 563, 59 N. W. 781; Tynan v. Warren, 53 N. J. Eq. 313, 31 Atl. 596.

Plaintiff is entitled to the appointment of a receiver. Frothingham v. Barney, supra.

*Johnson, Leonard & McCune* and *Edward C. Gale*, for respondent.

The act complained of was not unlawful, or ultra vires.

This is not the case of a going corporation attempting to dispose of all its property to another corporation, either in good faith or with some ulterior motive, as in Small v. Minneapolis E. M. Co., 45 Minn. 264, 47 N. W. 797; Byrne v. Schuyler E. M. Co., 65 Conn. 336, 31 Atl. 833.

Where the business of a corporation is a failure and the best interests of the stockholders require the sale of the assets of the com-

pany so as to wind up the business, the majority of the stockholders have power to do so even against the protests of the minority. Morawetz, Priv. Corp. §§ 413–417; Beach, Priv. Corp. §§ 357–359; Cook, Stock & Stockh. § 667; Rothwell v. Robinson, 44 Minn. 538, 47 N. W. 255; Price v. Holcomb, 89 Iowa, 123, 56 N. W. 407; Hayden v. Official Hotel Directory Co., 42 Fed. 875; Lauman v. Lebanon R. Co., 30 Pa. St. 42; Sawyer v. Dubuque Printing Co., 77 Iowa, 242, 42 N. W. 300; Skinner v. Smith, 134 N. Y. 240, 31 N. E. 911. Under the circumstances, the majority of the stockholders had power, as a step in closing out the business, to sell in good faith a portion of the corporate assets for shares of the capital stock of another manufacturing corporation, a going concern, whose authorized business was permitted to be done by the selling company under its articles of incorporation, the statutes of the state and the articles of incorporation of both corporations being silent on the subject. Beach, Priv. Corp. § 359; Hodges v. New England Screw Co., 1 R. I. 312; Treadwell v. Salisbury Mnfg. Co., 7 Gray, 393; Young v. Toledo & S. H. R. Co., 76 Mich. 485, 43 N. W. 632; Sawyer v. Dubuque Printing Co., supra; Buford v. Keokuk Packet Co., 69 Mo. 611; Howe v. Boston Carpet Co., 16 Gray, 493; Booth v. Robinson, 55 Md. 419; Miners' Ditch Co. v. Zellerbach, 37 Cal. 543; Evans v. Bailey, 66 Cal. 112, 4 Pac. 1089; Easun v. Buckeye Brewing Co., 51 Fed. 156; Byrne v. Schuyler E. M. Co., supra.

Assuming the act complained of to have been ultra vires, plaintiff has not been injured in a legal sense, and cannot, therefore, recover any personal judgment against defendant directors; and, under the pleadings of this action, there could be no recovery for the benefit of defendant corporation. Fitzgerald v. Fitzgerald & Mallory Const. Co., 41 Neb. 374, 59 N. W. 838; Wallace v. Lincoln Sav. Bank, 89 Tenn. 630, 15 S. W. 448; Davis v. Gemmell, 73 Md. 530, 21 Atl. 712; Howe v. Barney, 45 Fed. 668; Smith v. Hurd, 12 Metc. (Mass.) 371; Conway v. Halsey, 44 N. J. Law, 462; Davenport v. Dows. 18 Wall. 626; Porter v. Sabin, 149 U. S. 473, 13 Sup. Ct. 1008; McMullen v. Ritchie, 64 Fed. 253; Beach, Priv. Corp. §§ 255, 256; Cook, Stock & Stockh. §§ 701, 737, 748; Pratt v. Bacon, 10 Pick. 123; Peabody v. Flint, 6 Allen, 52; Cunningham v. Pell, 5 Paige, 607; Allen v. Curtis, 26 Conn. 456; Smith v. Poor, 40 Me. 415; Craig v. Gregg, 83 Pa. St. 19; Evans v. Brandon, 53 Tex. 56; Carter v.

Ford Plate Glass Co., 85 Ind. 180; Beach v. Cooper, 72 Cal. 99, 13 Pac. 161; Greaves v. Gouge, 69 N. Y. 154; Hirsch v. Jones, 56 Fed. 137; Oliphant v. Woodburn Coal Co., 63 Iowa, 332, 19 N. W. 212; Hodgson v. Duluth, H. & D. R. Co., 46 Minn. 454, 49 N. W. 197; Bjorngaard v. Goodhue Co. Bank, 49 Minn. 483, 52 N. W. 48; Horn Silver Min. Co. v. Ryan, 42 Minn. 196, 44 N. W. 56. Corporate officers are not liable for acts ultra vires which they have done or sanctioned, but in good faith without knowledge of their ultra vires character. Beach, Priv. Corp. § 252; Cook, Stock & Stockh. §§ 702, 703; Hodges v. New England Screw Co., supra; Spering's Appeal, 71 Pa. St. 11; Watts's Appeal, 78 Pa. St. 370; Williams v. McDonald, 37 N. J. Eq. 409; North Hudson B. & L. Assn. v. Childs, 82 Wis. 460, 52 N. W. 600; Briggs v. Spaulding, 141 U. S. 132, 11 Sup. Ct. 924.

The directors of a corporation are its agents and occupy a fiduciary relation to it, and in relation to their possession or control of the corporate property they are treated as quasi trustees. Horn Silver Min. Co. v. Ryan, supra; Patterson v. Stewart, 41 Minn. 84, 42 N. W. 926; Jones v. Morrison, 31 Minn. 140, 16 N. W. 854; Morawetz, Priv. Corp. § 516; Thompson v. Lambert, 44 Iowa, 239.

A principal may ratify the unauthorized or ultra vires acts of an agent by subsequent acquiescence; and mere silence for a sufficient length of time after knowledge of the unauthorized act done in his name will amount to such ratification. Stearns v. Johnson, 19 Minn. 470 (540); Story, Agency, §§ 255-8; Hoyt v. Latham, 143 U. S. 553, 12 Sup. Ct. 568; Turner v. Kennedy, 57 Minn. 104, 58 N. W. 823; Cairnes v. Bleecker, 12 Johns. 300; Minnesota L. Oil Co. v. Montague, 65 Iowa, 67, 21 N. W. 184; Story, Agency, § 243. Dissenting stockholders must show themselves prompt and vigilant in the assertion of their rights as such stockholders. Morawetz, Priv. Corp. §§ 630-1; Cook, Stock & Stockh. § 732; Martin v. Pensacola & G. R. Co., 8 Fla. 370; Watts's Appeal, supra; In re Pinto Silver Min. Co., L. R. 8 Ch. Div. 273; Gregory v. Patchett, 33 Beav. 595; Hodges v. New England Screw Co., 3 R. I. 9.

Plaintiff is barred by his continuous failure to object. He is guilty of laches as synonymous with acquiescence or ratification by equitable estoppel. Lindsay Petroleum Co. v. Hurd, L. R. 5 P. C. 221; Hall v. Otterson, 52 N. J. Eq. 522, 28 Atl. 907; Dunphy v.

Traveller Newspaper Assn., 146 Mass. 495, 16 N. E. 426; Chaudiere Gold Min. Co. v. Desbarats, L. R. 5 P. C. 277; Gernsheim v. Olcott, 7 N. Y. Supp. 872; Descombes v. Wood, 91 Mo. 196, 4 S. W. 82; In re Magdalena S. Nav. Co., 6 Jur. (N. S.) 975; Thompson v. Lambert, 44 Iowa, 239; Sheldon H. B. Co. v. Eickemeyer H. B. M. Co., 90 N. Y. 607; Ashhurst's Appeal, 60 Pa. St. 290; Twin-Lick Oil Co. v. Marbury, 91 U. S. 587; Kent v. Quicksilver Min. Co., 78 N. Y. 159; Phosphate of Lime Co. v. Green, L. R. 7 C. P. 43; Allen v. Wilson, 28 Fed. 677; Taylor v. South & N. Ala. R. Co., 4 Woods, 575, 13 Fed. 152; 'Squair v. Lookout Mountain Co., 42 Fed. 729; Kitchen v. St. Louis, K. C. & N. Ry. Co., 69 Mo. 224; Snow v. Boston B. B. Mnfg. Co., 158 Mass. 325, 33 N. E. 588; International & G. N. R. Co. v. Bremond, 53 Tex. 96; Graham v. Birkenhead Railway, 2 Macn. & G. 146; Cook, Stock & Stockh. §§ 728–732.

Plaintiff is not entitled to a receiver. Rothwell v. Robinson, 44 Minn. 538, 47 N. W. 255.

START, C. J. This is an appeal by the plaintiff from an order denying his motion for a new trial, and the only question for our consideration is whether the conclusion of law of the trial court, to the effect that the plaintiff is not entitled to any relief in the premises, is justified by its findings of fact.

The controlling facts found by the court may be summarized as follows: The defendant Minneapolis Linen Mills was organized as a corporation of this state on October 14, 1890, and its co-defendants are, and were at the time herein stated, the directors of the corporation, and managed its affairs. The corporation became the owner of a tract of land in the city of Minneapolis, with a brick building thereon, with machinery and appliances for the manufacturing of linen fabrics, which it used for that purpose. This plant constituted its principal property. The corporation commenced its business of manufacturing linen in the spring of 1891, and so continued to do until November 1, 1892, during which time its business was honestly and economically conducted, but it resulted in a loss of $30,000. The enterprise proved a failure, and on the day last named the directors indefinitely discontinued the business of the corporation to save further loss. If they had continued to prosecute its business, the result, in the end, would have been the loss of the en-

tire capital. A sale of the plant at this time, for cash, at a fair valuation, was not practicable. It was costing $100 per month to take care of it, including taxes and insurance. The corporation had no money, and was owing $15,000. Thereupon, and on December 14, 1892, the directors authorized a sale to the Minneapolis Hosiery Company, a corporation of this state, organized to carry on the business of manufacturing hosiery and other knit goods, and to receive in pay therefor, in the name of the defendant Benton, in trust for the Minneapolis Linen Mills, paid-up shares of the capital stock of the hosiery company to the par value of $26,250. At this time the latter company was apparently prosperous, and the then probable value of this stock was at least the value of the property exchanged for it. This action of the directors was duly ratified at a meeting of the stockholders duly called for that purpose.

The plaintiff at this time owned stock in the linen mills of the par value of $2,500. He resided, during all the times herein stated, in the city of New York, and was not present at such stockholders' meeting; but, at or about the time the sale and transfer of the property of the linen mills was made to the hosiery company for the stock of the latter company, as hereinafter stated, he was informed and had knowledge of what proceedings were had at such meeting, and of the sale and exchange of the property for the stock. Yet he never made any objections to any of the defendants to such exchange, or to the taking of such stock, or signified his dissent in any manner thereto, until the time of the commencement of this action, over two years after such exchange had been consummated to his knowledge. He is the only stockholder who has objected to the exchange.

His failure to object sooner to the transaction is unexplained. The president and secretary of the linen mills, pursuant to such action of the directors and stockholders, conveyed one-half of its land, together with its building or factory thereon, and the property constituting its plant, except one-half of the land and such machinery as was special to the manufacturing of linen, to the hosiery company, and received in exchange the stock agreed on, which ever since has been, and now is, held by the defendant Benton, in trust for the linen mills. After such exchange, the directors of the defendant corporation proceeded with the work of winding up the affairs of the corporation, sold the balance of its machinery and other property, and paid all

its debts, except some contingent liabilities, for the payment of which the corporation still has property. The directors were not authorized, by the articles of incorporation or by-laws of the linen mills, to exchange its property for the stock of another corporation; but the directors, in making such exchange, acted in good faith, in the exercise of reasonable business prudence, and in the honest belief that it was for the best interests, under all the circumstances, of the stockholders, to make the exchange. The affairs of the corporation have at all times been, and now are, fairly managed by the defendant directors, with a view to winding up the same, paying the debts of the corporation, and conserving the interests of its stockholders.

The plaintiff, on January 16, 1895, brought this action to recover his proportionate share of the value of the property so exchanged for the stock of the hosiery company, and for the appointment of a receiver for the corporation. Upon the facts found the trial court correctly directed judgment for the defendants.

It is by no means clear that the act of the directors, which was approved by all the stockholders except the plaintiff, was illegal. The corporation was not a going concern, but a failure. It was in debt, its plant was not salable at any fair valuation for money, it was necessary to wind up its affairs and pay its debts, and the directors did what, under all the circumstances, then seemed to them and a majority of the shareholders to be for the best interests of the corporation and its stockholders. 1 Beach, Priv. Corp. § 359; Treadwell v. Salisbury Mnfg. Co., 7 Gray, 393. But, conceding, without so deciding, that the act of which the plaintiff complains was illegal, and that, if he had acted promptly in the premises, he would have been entitled to the relief he now claims, we are of the opinion that the fact of his acquiescence, and failure to object promptly when fully advised of the action of the directors, if he intended to repudiate it, disentitles him to any relief equitable or otherwise. In view of the facts of this case, and his acquiescence in the action taken by the directors and all of the stockholders, except himself, for two years, and until after it was too late for the directors to rescind the sale made of a part of the plant for the stock of another corporation, and until after the sale of the balance of the plant for the payment of the debts, and winding up the affairs of the corpora-

tion had been made, this action of the plaintiff is unsupported by any equity.

The equitable principles applicable to the facts of this case are too well settled to justify any extended discussion of them. Courts differ as to the precise designation of the ground upon which they deny relief to a dissenting stockholder, under the circumstances of this case. Some call it "ratification"; others, "laches"; and still others, an "equitable estoppel." If required to name the ground on which any relief to the plaintiff must be denied in this case, we should designate it a "ratification by equitable estoppel"; but the name is immaterial. Turner v. Kennedy, 57 Minn. 104, 58 N. W. 823. It is inequitable for a stockholder, knowing that an act done by the directors and a majority of the stockholders, in good faith, for the benefit of the corporation, is in fact unauthorized, to apparently acquiesce by his silence, but secretly reserve an option to repudiate the act in case of loss, or to enjoy its benefits if it proves profitable. Fairness requires, in such cases, that dissenting shareholders should act promptly, and make known their objections without unreasonable delay. If they fail to do so, their assent to the unauthorized act will be presumed, and they will be estopped from denying that they have assented to or ratified the act. 2 Cook, Stock, Stockh. & Corp. Law, §§ 730–732; 2 Morawetz, Priv. Corp. §§ 630, 631; 2 Beach, Priv. Corp. § 887.

It is true, as claimed by the plaintiff, that the trial court did not expressly find that the plaintiff ratified the act of the directors in question, or that he is equitably estopped from denying that he assented to it; but the court did find evidentiary facts from which the inference necessarily follows that the plaintiff ratified, or is equitably estopped from denying that he has assented to, the act. It is perfectly evident, from the facts found, that the plaintiff failed to object to the alleged unauthorized sale of the property of the corporation for two years after he learned the fact, because he was waiting to see whether the transaction would prove a profitable one for the corporation. If it had so resulted, it is safe to say that this action would never have been commenced. Had he promptly objected, on being advised of the sale, the directors might have rescinded it, and refrained from selling the balance of the plant; or, if it was impracticable to rescind the sale, converted the stock of the

hosiery company into money while that company was a going concern. But the plaintiff kept silent when it was his duty to speak, if he intended to object to the sale; and, presumably in reliance upon his apparent acquiescence, material changes were made by the directors in the property, situation, and affairs of the corporation. The simple fact is that the plaintiff, after learning of the alleged unlawful sale, waited for two years, and speculated on the chances of the sale proving profitable to him, when he must have known that changes would probably be made in the affairs of the corporation, or rights waived by it, which would not have been made or waived if he had promptly objected to the sale. He is not entitled to any relief under such circumstances.

The plaintiff claims that, in any event, he is entitled to have the property and affairs of the corporation placed in the hands of a receiver. The fact that the court has found that the affairs of the corporation are being honestly and prudently managed, for the best interests of all parties, is a sufficient answer to the claim.

Order affirmed.