## CHARLES H. ROBERTS v. PHILIP W. HERZOG and Others.[1]

February 25, 1910.

Nos. 16,461—(227).

**Insolvency — Sale of Assets to Controlling Stockholder.**

A sale of the assets of an insolvent corporation, approved by the stockholders, to one of their number, who had the controlling vote, is not void, but voidable, if it be not a fair transaction.

**Same — Acquiescence of Minority Stockholder.**

Where, however, such a transaction is fair and free from any overreaching, a minority shareholder, who is fully informed of all its details and does not dissent within a reasonable time, his failure so to do being unexplained, will be deemed to have acquiesced and he cannot maintain an action to set the sale aside.

**Findings Sustained by Evidence.**

In this an action by a minority shareholder to set aside a sale of the assets of a corporation to a shareholder having a controlling vote at the stockholder's meeting, the trial court found that the corporation was insolvent, the sale fair and proper, and that the plaintiff was fully advised of all its details, but thereafter delayed for over six years before questioning it.   *Held*, that the findings are sustained by the evidence, and that they sustain the conclusion that the plaintiff was not entitled to any relief.

1Reported in 124 N. W. 997.

Action in the district court for Ramsey county by plaintiff, a stockholder in defendant corporation, Roberts Architectural & Ornamental Iron Works, against that corporation, Philip W. Herzog and Herzog Iron Works, praying that defendants Herzog and Herzog Iron·Works issue one-half of the capital stock of that corporation to plaintiff, and that the same defendants account for business done by him and Herzog Iron Works from the time they took possession of the Roberts Architectural & Ornamental Iron Works and that they pay one-half the profits thereof to plaintiff. The case was tried before Kelly, J., who made findings in favor of defendant. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*James A. Kellogg* and *William W. Fry,* for appellant.
*How, Butler & Mitchell,* for respondents.

START, C. J.

On and prior to January 16, 1902, the plaintiff and the defendant Philip W. Herzog were respectively stockholders of the defendant corporation, the Roberts Architectural & Ornamental Iron Works, hereinafter referred to as the Roberts Iron Works. On the day named the entire business and assets of the corporation were sold to the defendant Herzog, he assuming the debts of the company, by the action of its board of directors, of which he was then a member and president. Such sale was approved and ratified at a stockholders' meeting, the plaintiff not being present. The defendant Herzog, who then owned a majority of the stock, was present at such meeting and voted his stock in favor of such sale. Thereafter he transferred the property so purchased by him to the defendant corporation, the Herzog Iron Works.

This action was commenced in the district court of the county of Ramsey on September 21, 1908, by the plaintiff as a minority stockholder of the Roberts Iron Works, to set aside the sale and for an accounting. The allegations of the answer were to the effect that the corporation at the time of such sale was hopelessly insolvent, and by reason thereof the sale was fair and free from any wrong to any mi-

nority stockholder; that the plaintiff by his acquiescence and failure to act within a reasonable time ratified the sale, was guilty of laches, and estopped to maintain the action; and that the action was barred by the statute of limitations. The trial court made findings of fact favorable to the contention of the defendant, and as a conclusion of law held that the plaintiff was not entitled to any relief. Judgment was ordered for the defendant. The plaintiff appealed from an order denying his motion for a new trial.

The here material facts found by the trial court may be summarized as follows: The Roberts Manufacturing Company, also a corporation, from 1894 until January, 1896, was engaged in the manufacture of structural and ornamental iron in the city of St. Paul. The plaintiff, who was a stockholder and officer of that corporation, represented to the defendant Herzog, in November, 1894, that the corporation was solvent, but in need of money to carry on its business. The defendant Herzog, relying upon such representations and believing them to be true, was induced to and did advance money to such corporation upon the agreement, which was executed, that he should be given one-half of its outstanding stock of the corporation, which was then owned by the plaintiff and his family. The representations were untrue, for such corporation was then, and thereafter continued to be, insolvent. The money so advanced and loaned to it from time to time by the defendant Herzog amounted to $13,711.67 on January 1, 1896. The general nature of the business of such corporation, as stated in its articles of incorporation, was the manufacturing, buying, owning, selling, and dealing in architectural metal work. In order to avoid the stockholders' liability for the debts of such corporation, the Roberts Iron Works, a corporation, was organized, to which was transferred all of the property and business of the old corporation, in consideration of which 324 shares of the capital stock of the new corporation were issued, of which the plaintiff and members of his family received one-half, and defendant Herzog 161 shares, and his wife one share, which were accepted by the parties in lieu of the shares held by them in the old corporation. The defendant Herzog was elected president of the new corporation, and

continued to give his time and attention to its business until January 16, 1902, and in order to keep it a going concern he loaned and advanced to it money and pledged his credit for it to an amount exceeding $51,000, which sum it was owing him on January 16, 1902. The corporation was then insolvent, and at a meeting of its directors and officers, the plaintiff being present, but taking no part, the defendant Herzog submitted a proposition that if the corporation would provide for the payment of all of its indebtedness, except that due to him, he would accept fifty per cent. of his claim in full settlement thereof and surrender to the corporation for cancelation all of his shares of stock, or he would purchase the assets and business of the corporation, and in consideration therefor he would pay and cancel all debts against the corporation, and save it and its stockholders harmless on account thereof. The proposition of Herzog to purchase the assets and business was accepted and ratified by a majority of the stockholders, and by all of them except the plaintiff. The assets and business of the corporation were accordingly transferred to such defendant, and he performed all of the conditions of the sale on his part. The transaction was had in good faith, and was in all things fair and for the benefit of the corporation. Due notice of the meeting of the stockholders, in which it was stated that the purpose of the meeting was to ratify or disapprove such sale, was sent to and received by the plaintiff. The plaintiff, at the time of the sale, had full notice thereof and its terms. The defendant Herzog transferred the property purchased by him to the defendant Herzog Iron Works. Ever since January 16, 1902, notwithstanding his knowledge of all the facts and circumstances surrounding such sale, the plaintiff has never made to such defendants, or either of them, any objection to any of the transactions herein stated. He has never claimed to have any interest in such property, or any part thereof, and has so conducted himself as to lead such defendants, and each of them, to believe the transaction was without objection on his part. Relying on such conduct of the plaintiff, the defendants Philip W. Herzog and the Herzog Iron Works have continued to operate the business so acquired as their own, and from time to time have paid off obligations

of the Roberts Iron Works, and have from time to time invested additional money and property in such business to a large amount. They have devoted time and attention thereto, and after the addition of such money and property to the plant and business of the Herzog Iron Works, stock of such corporation has been from time to time sold and transferred to outside parties. The defendant Herzog, in transferring the property and business so acquired by him from the Roberts Iron Works to the Herzog Iron Works, extinguished as a liability of such business an indebtedness of over $51,000 owing to him personally, and transferred the property to the Herzog Iron Works free from such indebtedness. The plaintiff, by reason of his laches and delay in asserting any claim in this matter, is now estopped to maintain this action or assert any claim in or to such property.

It is quite obvious that, if the facts found by the trial court are sustained by the evidence, the plaintiff's claim is without a single equity to support it. The sale in question was, in legal effect, one made by the stockholders to one of their number, who owned a majority of the stock, and is to be distinguished from a sale of corporate assets by the board of directors to one of their number, which was neither ratified nor authorized by the stockholders.

It is well settled that a sale of the assets and business of an insolvent corporation, approved by the stockholders, to one of their number, who had the controlling vote, is not void, but voidable, if it be not a fair and proper transaction. Where such a transaction is fair and free from any overreaching, a minority shareholder, who is fully informed of all of its details and does not dissent within a reasonable time, his failure so to do being unexplained, will be deemed to have acquiesced, and cannot thereafter maintain an action to set aside the sale. Bjorngaard v. Goodhue County Bank, 49 Minn. 483, 52 N. W. 48; Pinkus v. Linen Mills, 65 Minn. 40, 67 N. W. 643.

Courts ought to, however, and will, scrutinize such transactions with great care, to the end that those who have the power to control the affairs of a corporation shall not use it to plunder minority stockholders, as is too often done. The pivotal question is, then, whether

the facts found by the trial court are sustained by the evidence. The evidence is voluminous, but we have considered it and the briefs of counsel with the care exacted in cases of this kind, and find that all the court's findings of fact which are essential to the support of the conclusions of law are amply sustained by the evidence. There were no reversible errors in the court's ruling as to the admission of evidence.

Order affirmed.