No. 47.—OSBORNE EDWARDS, plaintiff in error, *vs.* JAMES
PERRYMAN, trustee *et al.* defendants in error.   JAMES PER-
RYMAN *et al.* plaintiffs in error, *vs.* OSBORNE EDWARDS, de-
fendant in error.

[1.] If the answer does not not clearly set forth such facts as, displacing the
whole equity of the bill, require an injunction to be dissolved; but only
swear off a portion thereof, the injunction may be dissolved *pro tanto*.

[2.] Where a bill in Equity is filed by a trustee, under a deed of settlement, in
favor of L C E, a married woman, and also, in the name of the latter, by
*prochein ami*, against her husband, who is the maker of the deed, she be-
ing the chief beneficiary under the same, most interested in the disposition
of the property, and the decree which is sought; and the suit is dismissed
by the trustee, without the consent of the wife or her Solicitor: upon mo-
tion to re-instate the same: *Held*, that L C E had the right to be consulted
as to the dismissal of the bill, and that no act of the trustee, in dismissing
the same without her consent, could be suffered to prejudice her rights.

In Equity, in Marion Superior Court.   Decisions by Judge
WORRELL, February Term, 1855.   Consolidated, by consent,
in the Supreme Court.

On 12th April, 1854, Osborne Edwards executed a deed of
trust to James Perryman, conveying certain lands, negroes,
and three promissory notes—one on H. M. Jeter, one on H.
K. Lamb, and one on Wm. Yarborough—to hold the same
for the sole and separate use of the wife of Osborne Edwards
for life—reserving the management and control of the pro-
perty, both real and personal, to Osborne Edwards, by and
with the consent of his wife, and also the power to sell and re-
invest in the same way.   Subsequently, Perryman, as trustee,
and Porter Ingram, as next friend of Mrs. Edwards, filed
their bill against Osborne Edwards, Henry M. Jeter and oth-
ers, alleging the execution and contents of this deed, and that
Edwards was a man of dissolute habits, frequently in a state
of beastly intoxication, and wholly unfitted for the manage-
ment of any business, associating with persons of low charac-
ter, and losing considerable sums by gambling; that he had

Edwards *vs.* Perryman *et al.*

traded the notes on H. M. Jeter and Lamb, to one Samuel H. Crawford and one Davis, with intent to defraud Mrs. Edwards, they knowing the existence of the deed, that he made no provisions for the support of his wife, and failed to re-invest the proceeds of the said notes, and is using and wasting the rents, issues and profits of all the property, real and personal.] Mrs. Crawford, in this bill, alleged that she withdrew her consent to the said Osborne's continuing to manage and control this property, and required him to turn it over to her trustee. The prayer was for a receiver, and that Edwards be decreed to deliver up all of said property into the receiver's hands. Also, for an injunction, restraining Crawford and Davis from trading or collecting the notes purchased by them, and restraining the makers of the notes from paying the same. All of which was granted.

Edwards, by his answer, admitted the making of the deed, but set up that it was procured from him fraudulently, when he was intoxicated; admitted excessive drinking, but attributed it to the abandonment of his wife; admitted gaming for cigars, cider and spirituous liquors, but denied gaming to any considerable amount. As to the note on Jeter, he stated he had placed it in the hands of Messrs. Blandford & Crawford, Attorneys, to collect and pay over, from the proceeds thereof, enough to satisfy a note to Sam'l Crawford, due by Edwards, before the making of the pretended deed. The alleged sale of the note to Davis was denied. He admitted that he had not paid anything towards the support of Mrs. Edwards, but alleged that he never had been applied to for any amount for that purpose.

The answers of Crawford and Davis agreed with Edwards, as to the facts within their knowledge.

On motion of Counsel for Crawford, on the coming in of his answer, the Court ordered the injunction dissolved, so far as it restrained Crawford and his Attorneys from collecting the note on Jeter. This is the decision to which the complainants excepted.

During the vacation, James Perryman, the trustee, ordered

the Clerk to dismiss this bill, and it was so entered on the docket by the Clerk.    At the February Term, the Counsel for Mrs. Edwards and her next friend, moved a rule *nisi* for defendants to show cause why the bill should not be re-instated, on the ground that Perryman was a dry trustee, and Mrs. Edwards, the true beneficiary and party; and that she had neither consented to or known of his action in this matter. The defendants responded, that Perryman had agreed with Edwards, that if Edwards would turn over to him the notes for hire and rent, he would dismiss the bill; that he did deliver the notes as agreed on, and Perryman dismissed the bill; and that this was a full and complete settlement of the case.

On the hearing, it appeared that Mrs. Edwards employed the Counsel to file the bill, the trustee declining to do so ; and that he was merely a nominal party.    The Court re-instated. the case, and to this decision Edwards excepted.

The errors assigned by each party, were heard together.

BLANDFORD & CRAWFORD, for Edwards.

OLIVER ; HALL, for Perryman *et al.*

*By the Court.*—STARNES, J. delivering the opinion.

[1.] The order of the Court below, dissolving the injunction as to Crawford, on the ground that the equity of the bill was sworn off, was too general.    We think it right that the injunction should have been dissolved, (according to the case made by the answer,) to the extent of the debts of Edwards, shown to have been in existence at the date of the deed executed by him.    And that the Court should have modified his order so that Crawford might have proceeded to collect the note in his hands, if he chose to take the risk of this, with the bill pending, and have paid such debts, holding the balance subject to further decree.    But the answer does not show whether or not these debts would have absorbed the fund in question.    If they would not, it is proper that the

balance of the note in Crawford's hands, after these debts were paid, should be held, by him subject to be paid over to the purposes of the trust. The Chancellor should have given the case direction accordingly. To the extent indicated, therefore, we reverse the judgment dissolving the injunction.

[2.] This record shows that the bill was filed "at the instance and request of Mrs. Edwards, and for the protection of her rights in the property;" that the Counsel who filed the same was employed by Mr. Perryman, the latter stating that he did so for the benefit of Mrs. Edwards; that she was to pay the fee, &c. and that it was dismissed in vacation by Perryman, without the knowledge or consent of Mrs. Edwards or her said Counsel, and against her wishes. The record further shows, that Mrs. Edwards was the person chiefly interested as complainant in the suit, and who would be most affected by a disposition of the property sued for.

The deed had conveyed the property *for the sole and separate use and benefit of Mrs. Edwards during her life, her husband being allowed the management and control thereof, with her consent,* the issue and proceeds to be applied to their joint support—the surplus to be applied by the husband, as trustee, to the purchase of other property, with consent of the wife, and with power in the husband, with consent of the wife, to change the property. And the right of survivorship was secured to the husband and wife, respectively. Provision was also made, by the deed, for a change of the trustee, by the joint action of the husband and wife, at their pleasure.

Now the bill, in the name of the trustee, Perryman, and of Mrs. Edwards, by *prochein ami,* sets forth the waste of the property by Edwards, the husband, declares his incapacity, by reason of bad habits, to manage the same properly, and prays that it may be taken from him and placed in the hands of a receiver, or of the trustee, Perryman, until the further decree of the Court; and that such receiver or trustee should be required to give bond and security that he would faithfully execute the trust.

Its purpose has not been served, therefore, by the delivery up of the property to the trustee, as has been argued. That trustee, himself, should be required, if he is to retain possession of the same, to give security for its faithful management, according to the prayer of the bill, and a decree may be needed to adjust the rights of the parties under this change of circumstances. Edwards, the husband, by the deed, was allowed the management of the property, the right to invest any surplus thereof, and to change any portion of the investment, with the consent of the wife. Now that the property is taken from him, who is to execute these provisions of the deed? How can this power be transferred to the trustee, without a decree to this effect?

It is plain that all this can be determined and settled only by a decree of the Chancellor. And therefore, the purposes of the bill have not been served. If not, as Mrs. Edwards is the chief beneficiary under the deed—is the person most interested in the disposition of the property, and in the decree to be made, she had the right to be consulted as to the dismissal of the bill, and she and her Solicitor should have had an influence in giving direction to it. No act of the trustee should be allowed to prejudice her rights. (*Batts vs. Strutt,* 1 *Hare,* 146. *Parker vs. White,* 11 *Ves.* 226. *Hill on Tr.* 316, 317.)

It only remains to add, that what has been said authorizes the conclusion, that the bill was properly re-instated in the Court below.