WADE, U. S. Marshal, for Use, etc., *v.* WORTSMAN and another.

*Circuit Court, S. D. Georgia, E. D.* January 25, 1887.)

1. COURTS—FEDERAL—ACTION BY MARSHAL ON FORTHCOMING BOND.

In an action by the marshal on a forthcoming bond, given after claim to property levied on by attachment, and payable to him, the marshal is merely a formal party, and his residence in the same state with the defendant will not defeat the jurisdiction of the United States courts.

2. SAME—MARSHAL MAY SUE, WHERE.

Generally, it may be said that whenever the marshal performs, in the enforcement of remedies given by state laws, the same duties which are imposed by the law of the state upon the sheriffs of the state courts, he is entitled to maintain the same actions in the circuit court that the sheriff has in the state court.

*(Syllabus by the Court.)*

Suit on Bond.

*Charles Nephew West* and *Wade Hampton Wade,* for plaintiffs.

*Garrard & Meldrim,* for defendants.

SPEER, J. This motion is made to remand a suit brought on a forthcoming bond made by defendants to the marshal of this district, in an attachment cause brought by Curtis & Wheeler against L. W. Wortsman. The suit was originally brought in the city court of Savannah. Proceedings were instituted by the counsel of Curtis & Wheeler, who also represented the marshal, to remove the cause to this court. This was resisted by defendants, but that court directed the removal, and the defendants sought to reverse this decision by bill of exceptions to the supreme court of this state; but the decision was affirmed, and, when the cause was called for trial here, defendants made this motion to remand.

It is insisted by counsel for defendants that the forthcoming bond is made payable to the marshal; that he is a necessary party; and that, since he is a resident of the same state with the defendants, this court has no jurisdiction of the suit. This was the identical question decided by the supreme court of Georgia in the decision just referred to, (*Wortsman* v. *Wade*, decision rendered November 9, 1886.) The court there uses the following language:

"Where a levy was made by a marshal of the United States, a claim was interposed, and a forthcoming bond was given payable to such marshal and his successors, conditioned for the forthcoming of the property levied on and claimed, and where subsequently the successor of such marshal brought suit in a state court on such forthcoming bond, for the use of the plaintiffs in execution, who were non-residents of the state, the marshal was merely a formal party, without interest in the subject-matter of the suit, the plaintiffs in execution being the real plaintiffs in the action; and they could remove such action to the circuit court of the United States on the grounds of their non-residence, although the marshal was a citizen of this state. The giving of a bond for the forthcoming of property in a claim case was a proceeding unknown to the common law, and is peculiar to the remedies provided by the statutes of this state; and while, generally, an action on a contract should be brought in the name of the party in whom the legal interest is vested, yet a suit on such a bond is for the benefit of the plaintiffs in *fi. fa.*, who are the real parties plaintiff; and in this respect it differs from a bond given when an affidavit of illegality is interposed to a levy. Code Ga. §§ 3730, 3728, 3674, 3672, 3486, 3325, 3324, 3267, 2903; [*Governor* v. *Hicks*,] 12 Ga. 189; [*Glenn* v. *Black*,] 31 Ga. 393; [*Sharman* v. *Walker*,] 68 Ga. 148; [*Edwards* v. *Perryman*,] 18 Ga. 374, 378."

It is insisted now, however, that the court did not consider the argument of counsel for plaintiff in error there, wherein it was contended that while it may be true that, in an action on a forthcoming bond under an execution, the marshal is merely a formal party, yet, in an action on a forthcoming bond under an attachment, the marshal is a necessary party. It is true that, in the supreme court of Georgia, Mr. Justice HALL, in rendering the decision, refers to the parties as "plaintiffs in execution," when it would have been more accurate to have said plaintiffs in attachment. Nevertheless it is impossible from the context, and from the references made, that the court could have misapprehended the nature of the record before it, nor is there anything in the construction of the Georgia statutes which could, in the opinion of this court, have led that court to a different conclusion. Section 3324 of the Code of

Georgia provides "that forthcoming bonds shall be payable to the levying officer." Section 3325 provides that, "upon the failure of the claimant to deliver such property according to the conditions of said bond, the levying officer may immediately sue the claimant and security upon the bond, and recover the full value of the property claimed, and also all damages, costs, and charges that the plaintiff may have sustained in consequence of the failure of the complainant to deliver said property."

These sections relate to claims and forthcoming bonds under attachments. Sections 3728 and 3729 of the Code relate to forthcoming bonds, where claims are made to property levied on by executions issued on general judgments. They likewise are made payable to the levying officer, and the decision of the supreme court of Georgia quoted above will equally apply to levies by means of attachment, and by means of common-law executions. The court must have considered their reasoning applicable to both cases, because they expressly refer to the sections of the Code providing for each. It follows, since this is the construction of Georgia statutes by the highest judicial tribunal of the state, that very great weight must be given to it; and, indeed, was not the jurisdiction of this court the matter under consideration, such decision would be paramount.

Aside, however, from this decision, weighty as it is, the jurisdiction of this suit is inherent in the organization and purposes of this court. The attachment was originally brought by non-residents. By virtue of their citizenship, they were entitled to bring it in the courts of the United States. A claim was interposed, and the defendants, having come into this forum, took charge of property in custody of its officer, and gave bond for its production at the time and place of sale; and, if they failed to produce the property when it was adjudged subject to sale, to respond in damages for such failure. Can it be said that the officer of this court, or the plaintiffs for whom he sues, are powerless to collect the damages occasioned, because the defendants have broken the contract which they made in order to obtain property already in the hands of the court? Must the marshal and the plaintiff turn their backs on the jurisdiction of the national courts, and set their faces towards the state courts? If this be true, then it is easily competent, in many suits of a civil nature, where non-residents are plaintiffs, when attempt is made to enforce the collection of the debt by final process, by simply giving a forthcoming bond to transfer the entire litigation from the national courts to the state courts. The effect of this would be to produce two suits, in different jurisdictions, to collect the same debt; and the national courts, instead of affording means for the sure and speedy enforcement of contracts made with non-residents, would be transformed into instrumentalities for delay and vexatious litigation. It may, I think, be laid down as a general proposition that wherever the marshal performs, in the enforcement of remedies given by the state law, the same duties which are imposed by the law of the state upon the sheriff of the state courts, he is entitled to maintain the same action in this court that the sheriff has in the state courts. Nor do I conceive the question now under consideration as open. The

supreme court of the United States in *Huff* v. *Hutchinson*, 14 How. 587, held that "the marshal is competent to sue in a court of the United States, on an attachment bond, citizens of the state in which he is himself a citizen, averring on the record that the suit is brought for the benefit of the plaintiff in the original action, and that they are citizens of another state." He may also sue on a forthcoming bond. See, also, *McNutt* v. *Bland*, 2 How. 9; *Irvine* v. *Lowry*, 14 Pet. 293; *Browne* v. *Strode*, 5 Cranch, 303. A forthcoming bond is taken by the sheriff for the benefit of the plaintiff. *Thompson* v. *Mapp*, 6 Ga. 262; Code Ga. § 13.

The marshal having no interest in this suit save the proper performance of his official duty, his action being merely for the benefit of the plaintiffs, who are non-residents, his residence in the state cannot defeat the jurisdiction of the court, and the motion to remand is denied.