# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MINNESOTA.

Joseph Rothwell *vs.* Charles H. Robinson and others.

June 18, 1888.

**Corporations—Diversion of Corporate Funds—Suit by Minority Stock-holders.**—When the managers and majority of the stockholders of a corporation divert it and its assets and property from their legitimate purposes to the use and benefit of one of such majority, a minority stockholder may bring suit without applying to have suit brought in the name of the corporation.

Appeal by defendants from an order of the district court for Ramsey county, *Simons*, J., presiding, overruling their demurrer to the complaint.

*Flandrau, Squires & Cutcheon*, for appellants.

*C. D. O'Brien*, for respondent.

Gilfillan, C. J.    There are a good many allegations in the complaint that are no ground for a court to afford any relief to plaintiff; that amount indeed to no more than expressions of discontent on the part of a stockholder in a corporation at being excluded by the majority of the stock from the management of its business, and at the business being conducted in a manner not approved by him.    But

v.39m—1

the allegations that the defendant Robinson (who, as is alleged, is therein aided by the defendants Hemenway and Dunn, the stock being all held by plaintiff and those three,) has employed the business of the corporation for the benefit of a partnership of which he was a member, exposing said business to great loss and detriment, and that he has used the machinery, employes, and material of the corporation in extensive private experiments of his own, and in making and experimenting with divers and sundry devices of different descriptions, and different kinds of machinery, which he claims to have invented himself, but which are of no use to anybody, and has caused said work to be done and experiments to be made at the expense of the corporation, and without payment or remuneration therefor, and has thereby wasted and depreciated the assets of the corporation, show a diversion of the corporation and its assets and business from their legitimate purposes to the private use and benefit of one of the stockholders. It would be strange if the courts could afford no relief against such violations of the good faith which stockholders in a corporation owe to each other, and which the managers owe to the stockholders. That redress will be afforded the minority stockholders for the misappropriation of corporation property by the majority stockholders, or the managers, is illustrated in the case of *Jones* v. *Morrison*, 31 Minn. 140, (16 N. W. Rep. 854.)

Ordinarily, redress for a wrong to corporate rights or property must be sought in the name of the corporation, and a stockholder cannot sue for the damage to him individually, unless the corporate authorities refuse to act when applied to by him. But that rule cannot apply to a case like this. Here the wrong-doers are the managers and majority of the stockholders of the corporation. An application by plaintiff to them to prosecute the wrong would be an application to bring suit against themselves in the name of the corporation. So absurd a requirement cannot be imposed on plaintiff as a condition of affording relief for so clear a wrong.

Order affirmed.