JOSEPH ROTHWELL *vs.* CHARLES H. ROBINSON and others.

November 26, 1890.

Corporation—Diversion of Property—Suit by Stockholder.—Evidence considered and *held* not to show any unlawful diversion of the corporate business and assets by the majority of the stockholders of a corporation, entitling the plaintiff, a minority stockholder, to any relief.

Appeal by plaintiff from an order of the district for Ramsey county, *Otis*, J., presiding, refusing a new trial after a dismissal ordered at the trial.

*C. D. & Thos. D. O'Brien*, for appellant.

*Flandrau, Squires & Cutcheon*, for respondents.

MITCHELL, J. The nature of this action will sufficiently appear from the opinion on a former appeal. 39 Minn. 1, (38 N. W. Rep. 772.) When the cause was remanded to the district court the defendants answered, denying the allegations of the complaint, and upon the trial, after the plaintiff had introduced his evidence and rested, the court dismissed the case, on the ground that the plaintiff had failed to substantiate his cause of action; and this ruling is the principal error here assigned.

A careful examination of the record satisfies us that there was absolutely no evidence to support any of the material charges made in

the complaint. One of these charges was that Robinson, aided by his codefendants, had employed the business of the corporation for the benefit of the firm of Robinson & Cary, of which he was a member. All that the evidence shows is that the firm of Robinson & Cary were the largest and most valuable customers of the corporation, and paid full prices for all work done for them by it, and that Robinson had insisted that his firm should have the preference, in point of time, in getting out their work. Another charge is that Robinson had used the machinery, materials, and employes of the corporation, without remuneration to it, in private experiments of his own in making various kinds of tools and machinery which he claimed to have invented, but which were of no value. But the evidence shows that these experiments were not private enterprises of Robinson, but were made for the corporation, and with the consent of the directors, with the expectation and intention that, if the articles proved successful, they could and would be manufactured and sold by the corporation at a profit. There is nothing to indicate that this was not done in entire good faith. The most that can be claimed is that there was a mistake of judgment on the part of Robinson or the directors, which resulted in some loss to the corporation. The charge that large amounts of money borrowed by the corporation were misappropriated, and never used for its benefit, is without a particle of evidence to support it. The same is true of the charge that the defendants had conspired to waste the assets of the corporation so as to render plaintiff's stock valueless,—a charge intrinsically improbable, from the fact that Robinson himself had furnished more than two-thirds of the capital, and held a corresponding amount of the stock of the corporation. The charge is also made that plaintiff had been wrongfully excluded from the management of the business; but it does not appear that he has ever been deprived of the exercise of any right to which he is legally entitled as a stockholder. It does appear that, the business having proved unprofitable, the directors became dissatisfied with plaintiff's management, and elected another manager in his place; but this they had a perfect legal right to do.

It further appears that, after the election of a new manager, the directors continued the corporate business (manufacturing) for a considerable time, when, upon finding that it still continued unprofitable, and the corporation being largely indebted, and its real estate heavily incumbered, they suspended work, closed the shops, and proceeded to sell off a large part of the tools and machinery, and apply the proceeds towards the payment of the corporate debts, for most of which Robinson had become personally liable. It may also be conceded that the evidence shows that the directors and majority stockholders do not intend to resume the business. This abandonment of the prosecution of business for which the corporation was formed is much relied on by plaintiff as a ground for relief; and one of the errors assigned is that the court below failed to give due weight to the fact because it occurred after the commencement of this action. But, giving to it precisely the same weight as if the fact had occurred before suit, still it is entirely insufficient to entitle plaintiff to any relief. A minority stockholder has no right to insist, against the will of the majority, that the business shall be continued at a loss, and certainly plaintiff would not claim that the court should direct the business to be resumed, and for that purpose take the management of it out of the hands of the directors, and place it in the hands of the minority of the stock. The only other conceivable course would be for the court to place the corporate assets and affairs in the hands of a receiver, for the purpose of winding up the business. But neither the state nor the creditors are asking for this to be done; and the appointment of a receiver of a solvent corporation on the application of a minority of the stock is a very drastic remedy, which could be justified only in a very strong case. The management of the corporate affairs by the directors, elected by the majority of the stock, might, even in the absence of positive fraud or illegal acts, be so grossly incompetent or negligent as to justify the appointment of a receiver to preserve the property from destruction. But nothing of the sort is shown in this case. So far as appears, the course being pursued by the directors is the best thing that can be done under the circumstances,—viz., sell the property, as fast as practicable, with-

out unnecessary sacrifice; apply the proceeds to the payment of the debts, and save as much as possible out of the wreck for the stockholders. The plaintiff clearly failed to make out a case entitling him to any relief. The other assignments of error are without merit.

Order affirmed.