T. B. JANNEY and Others v. MINNEAPOLIS INDUSTRIAL EXPOSITION and Others.

May 25, 1900.

Nos. 12,102, 12,103, 12,104—(88, 89, 90).

### Liability of Stockholders—Enforcement by Directors.

Creditors of a corporation, who are also directors, are not debarred from enforcing the constitutional liability of its stockholders for the

payment of their debts.  But they must in such cases be held to strict proof of their debts and of their own good faith in the premises; for, if their debts were the result of their own wrong or negligence, they cannot be permitted to impose a liability therefor upon innocent stockholders.

## Purchase of Property of Corporation by Director.

The relation of directors to their corporation is essentially a fiduciary one, and, upon sound principles of public policy, they are, as a general rule, inhibited from purchasing for their own benefit the property of the corporation, very much as a trustee is disqualified from purchasing for his own advantage the property of his cestui que trust.  But where the title, possession, and control of all of the property of the corporation are in an assignee or receiver, who by order of the court, and subject to its approval, offers the property at public sale, a director who has interests to protect may, in good faith, purchase at such sale the property for his sole benefit.  The transaction, however, will be jealously scrutinized by the court.

## Decision Sustained by Findings.

The facts found by the trial court considered, and *held* that they sustain its conclusion to the effect that the plaintiffs did not violate their duties as directors of the defendant corporation in purchasing its property at a public sale by its assignee in insolvency subject to the approval of the court.

Action in the district court for Hennepin county to enforce the liability of stockholders in defendant corporation.  The case was tried before Simpson, J., who found in favor of plaintiffs.  From an order denying a motion for a new trial, certain defendants appealed.  Affirmed.

*Hale & Montgomery,* for appellants.

The corporation was not dissolved because of the assignment, nor did it release plaintiffs from their office or duties as directors. 2 Morawetz, Corp. § 636; 5 Thompson, Corp. § 6582; Second Nat. Bank v. New York Silk Mnfg. Co., 11 Fed. 532; G. S. 1894, § 3405. The corporation, by virtue of the assignment did not devest itself of all interest in the property assigned.  The assignee simply held the property in trust to be sold for benefit of creditors of the corporation.  If no sale had been made, and the assignee had been discharged, the property would have come back to the corporation free from the trust.  See King v. Remington, 36 Minn. 15.

It was the duty of plaintiffs to see that the assignee properly administered the trust, and that the property should be disposed of for the best interests of creditors. They, acting through the corporation, would have the right to appeal from allowance of claims or of the assignee's account. Reeves v. Hastings, 61 Minn. 254; Kells v. Webster, 71 Minn. 276. They were under no obligation to bid, and it does not follow that if they had not done so the property could not have been disposed of at some future time for something near its real value. See Fulton v. Whitney, 66 N. Y. 548; 3 Thompson, Corp. § 4071; Cook, Corp. (3d Ed.) § 6539. Plaintiffs' title to the property, being at best only conditional, and held in trust for benefit of stockholders, it was the duty of the trial court to order a resale or to apply the difference between the value as found and the amount paid at the assignee's sale. Merchants Nat. Bank v. Bailey Mnfg. Co., 34 Minn. 323; Arthur v. Willius, 44 Minn. 409, 412. The court could have ordered a resale at an upward bid above the amount paid by Janney, and allowed the title to stand in him as security, and in case the property could not be sold for more than the amount of his bid, have decreed the property to be in him absolutely. Hughes, Ex parte, 6 Ves. Jr. 617.

Plaintiffs are not in a position to urge that no resale could be ordered till the sale be set aside in direct proceedings, since they are in the wrong. Their relation forbade them from becoming purchasers. The rights and equities of the stockholders as against plaintiffs, growing out of such purchase, were not before the court which confirmed the sale, nor involved therein. It is because of this sale that the stockholders have the right to charge plaintiffs as trustees. If the sale were set aside in a direct proceeding, no such rights would exist in this action. Fulton v. Whitney, supra.

Plaintiffs being directors at the present time, and at the time the debt on which they sue was contracted, cannot recover against the stockholders. Neither the constitutional provision fixing the liability of stockholders, nor the statutes relating to the procedure, contemplate that a director can enforce his claim against stockholders. He is limited to his remedy against the corporation and its property. The word "debts," as used in G. S. 1894, §§ 5905, 5909, does not mean or include debts held by directors against the

corporation. McDowall v. Sheehan, 129 N. Y. 200. See Smith, Com. 814; Thacher v. King, 156 Mass. 490; Easterly v. Barber, 65 N. Y. 252; Knox v. Baldwin, 80 N. Y. 610.

*Hahn, Belden & Hawley,* for respondents.

A director of a corporation may in good faith become its creditor, and as such director-creditor purchase corporate assets at a bona fide judicial sale to protect his interests as creditor.   A sale of corporate property to a director is at most only voidable, and can only be set aside in one of three cases, viz.: (1) Where the corporation itself is grantor or seller, and not in all cases even then.   (2) Where the purchasing director is a mere volunteer, having no interest to protect by the sale.   (3) Where some element of fraud enters into the transaction.   Twin-Lick Oil Co. v. Marbury, 91 U. S. 587; Saltmarsh v. Spaulding, 147 Mass. 224; Jones v. Hale, 32 Ore. 465; Lucas v. Friant, 111 Mich. 426; St. Joe v. First, 10 Colo. App. 339; Preston v. Loughran, 58 Hun, 210, 214; Harts v. Brown, 77 Ill. 226; 3 Thompson, Corp. § 4068; Deane v. Hodge, 35 Minn. 146; Oswald v. Minneapolis T. Co., 65 Minn. 249; Mohr v. Minnesota Ele. Co., 40 Minn. 343; Stanly v. Ogden, 2 Root (Conn.) 259; 3 Thompson, Corp. § 4074; Gridley v. Myers, 73 Minn. 308; Farmers L. & T. Co. v. Minneapolis E. & M. Works, 35 Minn. 543; Thomas Mnfg. Co. v. Foote, 46 Minn. 240; 2 Morawetz, Priv. Corp. § 787.

The power of the board of directors over the corporate property had ceased at the time of the sale.   The sale was made by a public officer (i. e. an officer of the court) under proceedings adverse to the interests of stockholders, and the directors had no means in their hands to prevent the sale.   A director could then purchase to protect his interest, if never before.   For nearly a year prior, the assignee held the legal title to the property and all the equitable interest of the corporation in respect to it.   Langdon v. Thompson, 25 Minn. 509.   The assignee acted as agent of the court in selling, and simply obeyed its orders, made in accordance with powers conferred by the statute regulating assignments for benefit of creditors.   Dresbach v. Stein, 41 Oh. St. 70.   The title, possession and control of the property, at the time of sale, was in the court by and through its officer, and it was the court that initiated, con-

trolled, and approved the sale. Thomas Mnfg. Co. v. Drew, 69 Minn. 69; Allen v. Gillette, 127 U. S. 589; Wilson v. Brookshire, 126 Ind. 497, 9 L. R. A. 792, note; McKittrick v. Arkansas C. Ry. Co., 152 U. S. 473; Erskine v. De La Baum, 3 Tex. 406, 417; Howards v. Davis, 6 Tex. 174; Scott v. Mann, 33 Tex. 725; Goodgame v. Rushing, 35 Tex. 722; Penny v. Jackson, 85 Ala. 67; Fisk v. Sarber, 6 W. & S. 18; Chorpenning's Appeal, 32 Pa. St. 315; Appeal of Lusk, 108 Pa. St. 152; Barber v. Bowen, 47 Minn. 118. A director cannot be held as sustaining to the transaction any relation more sacred or disqualifying than that of a stockholder. Re Mabou, 27 Nov. Scot. 305; Chatham v. McKeen, 24 Can. S. C. 348. The appealing defendants are estopped from now questioning the sale, either as to the purchaser or as to the price. They have also been guilty of laches. They make no showing which entitles them to relief. If any one is entitled to demand resale it is the corporation, and not the stockholders. If Janney's purchase is in trust, then it is in trust for the corporation; and it is the only party who could maintain an action against him to reach the same, unless and until a demand has been made upon it to bring such action and it has refused to act. In an action by a stockholder, the complaint must allege that the corporation, upon being applied to, refused to prosecute. Southwest v. Fayette, 145 Pa. St. 13; Greaves v. Gouge, 69 N. Y. 154; Flynn v. Brooklyn, 158 N. Y. 493; Byers v. Franklin, 14 Allen, 470. Appellants do not offer to do equity. A director-creditor is not debarred from enforcing the constitutional liability of stockholders. Oswald v. Minneapolis T. Co., supra.

START, C. J.

This is an action brought under G. S. 1894, c. 76, by the creditors of the defendant corporation, to enforce the stockholders' liability for its debts. The trial court made its findings of fact and conclusions of law ordering judgment against all of the defendants. Certain defendants appealed from an order denying their motion for a new trial. There is no settled case or bill of exceptions, and the general question to be here determined is whether the conclusions of law of the trial court are justified by the facts found.

The here essential facts are these: The defendant the Minne-

apolis Industrial Exposition is and has been a corporation since November 5, 1885. The management of its affairs was vested in a board of twenty-five directors. The plaintiffs Janney and Nelson have been such directors since the organization of the corporation to the present time; the plaintiff Swift has been such director since 1890; and the plaintiff Donaldson was such director from 1890 until the time of his death, in 1899. Several of the appellants were also directors of the corporation at the time of the sale of its property here in question. The corporation became hopelessly insolvent, and on June 20, 1895, duly made to the Minneapolis Trust Company, pursuant to the insolvency laws of the state, an assignment for the benefit of its creditors.

Such assignee was first, by order of court, directed to advertise for bids for the property, or any part or portion thereof, so assigned to it. But after due advertisement and effort it was unable to effect any sale thereof, except as to two certain lots of land which it was by order of the court directed to convey. As to the main part of the property so assigned, it was unable to and did not receive any bids. Subsequently, by the order of the court, the assignee was authorized to advertise and sell the remaining assets and property so assigned to it at public vendue to the highest bidder. Accordingly the assignee duly advertised and held such sale, but there were no bidders for the property or any part thereof, except the plaintiff Janney, who then was, either in his own behalf or in behalf of himself and the other plaintiffs herein, a bona fide creditor of the corporation to an amount exceeding $54,948.82. The claim of Janney as such creditor, as well as the entire claim of the plaintiffs, amounting in the aggregate to the further sum of $25,905.32, had been, prior to the sale, duly proven in the insolvency proceedings, and had been duly allowed. The plaintiff Janney at such sale, in order to protect his interests and the interests of the plaintiffs, did, in good faith, bid for the property at the sale the sum of $25,100, which sum was the highest and the only sum bid therefor. The assignee duly reported the sale to the court for confirmation and approval, and after a hearing thereon it was duly confirmed by the court, and the assignee ordered to

convey and turn over to Janney the property so sold to him, which was done, he paying the assignee in cash the sum of $25,100.

The sale was fairly and lawfully conducted, and the amount realized thereat was the highest sum which the assignee was able to obtain for the property. The property so sold to the plaintiffs was, according to the expert testimony, then worth the sum of $100,000. The answer of the appellants shows that they had notice of the sale and transfer of the property to the plaintiffs, and made no objections thereto, because, as they alleged, the plaintiffs promised that after they acquired the property they would organize a new corporation, and transfer the property to it, so as to liquidate the debts of the defendant corporation. There was, however, no evidence in this case tending to show that any such agreement was ever made by any of the plaintiffs; but Janney, shortly after he so purchased the property, tendered and offered the stockholders of the defendant corporation, by notice duly given to them, that, if they desired and would subscribe for stock in a new corporation to be formed for the purpose of taking the property so purchased by him to an amount necessary to liquidate the indebtedness against the corporation, he would cause the corporation to be organized, and transfer to it the property so purchased by him. Only an insignificant number of the defendant stockholders herein expressed any willingness to subscribe to the stock or to avail themselves of the proposition, and stock in the proposed corporation to the amount of about $12,000 and no more was subscribed.

It was nearly a year after the sale of the property to the plaintiffs that the appellants first objected to the sale, when they did so in their answer herein, and asked that the plaintiffs be charged with, and be required to account for, the difference between the purchase price paid by the plaintiffs for the property and its value. Their answer also prayed for general relief. The trial court did not find that if a resale of the property was ordered it would bring an increased price, or that there was any reasonable probability that such would be the case, other than may be inferred, if at all, from the value of the property as found by the court.

1. The claim of the appellants first to be considered is that, the plaintiffs being directors at the present time, and such when their

debts were contracted, they cannot recover in this action against the stockholders of the corporation; hence the trial court's findings of fact do not sustain its conclusions of law.   Or, in other words, that a director-creditor of a corporation is debarred from enforcing the constitutional liability of its stockholders for the payment of his debt.

Directors must in such cases be held to strict proof of the existence of their debts against the corporation, and of their own good faith in the premises; for, if their debts were the result of their own wrong or negligence in the management of the affairs of the corporation, upon the most obvious principles of equity they cannot be permitted to impose a liability therefor upon innocent stockholders.   The cases cited by appellants' counsel (McDowall v. Sheehan, 129 N. Y. 200, 29 N. E. 299, and Thacher v. King, 156 Mass. 490, 31 N. E. 648) not only sustain this proposition, but seem, especially the first one, to sustain the claim of appellants as to the right of a director-creditor to enforce the stockholders' liability for the debts of the corporation.   But, were the question an open one in this state, we would not be disposed to go to this extent; for where, as in this case, a director in good faith advances money "to supply the ripe wants" and legitimate necessities of the corporation, he becomes its lawful creditor, and justly entitled to the same remedies as other creditors have.   Neither the constitutional provision (article 10, § 3), imposing the liability of stockholders for the debts of the corporation, nor considerations of public policy, require or justify a different rule.   Oswald v. Minneapolis T. Co., 65 Minn. 249, 68 N. W. 15.   The plaintiff in the case cited was a director, and the defendants urged the same claim that is made by the defendants in this case, but it was held that the plaintiff was entitled to enforce the stockholders' liability.

2. The appellants further claim that, even if it be conceded that plaintiffs may enforce the stockholders' liability for the payment of their debts against the corporation, still the trial court erred in its conclusions of law, for the reason that the court, upon the facts found, ought to have ordered a resale of the property at an upward bid above the amount paid by the plaintiffs, or applied pro tanto upon their debts against the corporation the difference between the

amount they paid for the property and its value as found by the court. This conclusion rests upon the assumption that in purchasing the property at the assignee's sale, pursuant to the order of the court, the plaintiffs violated their duties as directors. If the premises are correct, the conclusion would seem to follow that the stockholders are entitled to some relief if not guilty of laches. But are the premises correct? This question must be answered from a consideration of the special facts of this case with reference to the general principles of law applicable to the rights, duties, and disabilities of directors of a corporation.

The relation between a corporation and its directors is that of principal and managing agents. They are not trustees in the sense of holding the legal title to any of its property for its benefit, or that of its stockholders or its creditors. Still, the relation is essentially a fiduciary one, and upon sound principles of public policy directors are inhibited, as a general rule, from purchasing for their own benefit the property of the corporation, very much as a trustee is disqualified from purchasing for his own advantage the property of his cestui que trust. This proposition, upon principle and authority, is unquestionably the law. Beach v. Miller, 130 Ill. 162, 17 Am. St. Rep. 291, 298, notes; 3 Thompson, Corp. § 4071; 2 Cook, Stockh. § 653. It is, however, equally clear upon principle that where the legal title and control of all of the property of a corporation is vested in an assignee or receiver, in trust for the benefit of its creditors, and the court orders the property sold for the purposes of the trust, a director-creditor, having interests to protect, may in good faith purchase the property at such sale, and acquire thereby the absolute title thereto. Especially is this so where there are other active directors, and the sale is made subject to confirmation by the court, and is approved by it. But in all such cases the director must act in the utmost good faith, for the transaction will be jealously scrutinized. 1 Morawetz, Priv. Corp. § 527; 3 Thompson, Corp. §§ 4068, 4074; Barber v. Bowen, 47 Minn. 118, 49 N. W. 684; Twin-Lick Oil Co. v. Marbury, 91 U. S. 587; Appeal of Lusk, 108 Pa. St. 152.

The facts of this case bring it within the exception to the general rule that directors cannot purchase the property of the corporation

for their own benefit. The title, possession, and control of the property were in the hands of an officer of the court (the assignee), and had been for nearly a year prior to the sale. The sale was made by direction of the court, and subject to its confirmation. The plaintiffs had no control over the property or the assignee, who was the representative of the corporation, its creditors, and its stockholders. They had no power to prevent or control the sale, which was a judicial one, brought about by the court through its officer. They had material interests to protect by bidding at the sale. They purchased in good faith, at the best price obtainable. The appellants had notice of the sale, and did not object thereto until long afterwards. See Pinkus v. Minneapolis Linen Mills, 65 Minn. 40, 67 N. W. 643. The sale was fairly conducted, and was confirmed by the court. There were twenty-one directors at the time besides the plaintiffs. These facts justify the conclusion of the trial court to the effect that the plaintiffs, in purchasing the property to protect their own interests, did not violate their duties to the corporation. The facts found by the court justify its conclusions of law.

Order affirmed.