EAGLE IRON CO. v. COLYAR (two cases)

(Circuit Court of Appeals, Fifth Circuit. November 18, 1907.)

Nos. 1,736, 1,739.

1. CORPORATIONS—ELECTION OF DIRECTORS—VALIDITY.

The stockholders of a corporation present at a regular annual meeting duly called by the secretary, although not a majority of all the stockholders, may legally elect directors, and such directors have power to institute and prosecute a suit in the name of the corporation.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 1216.]

2. SAME—SUIT BY CORPORATION—RIGHT TO CONTROL.

A board of directors regularly elected by a majority of the stockholders of a corporation has power to control a pending suit instituted in a federal court on behalf of the corporation by a former board; but, where it asks a dismissal of such suit, minority stockholders, at whose instance it was commenced and who desire its prosecution, should be given leave to file a supplemental bill setting up the facts, and to continue the suit in their own right as stockholders and at their own expense on a proper compliance with equity rule 94.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 791.]

Appeal from the Circuit Court of the United States for the Northern District of Alabama.

Petition for Mandamus to the Circuit Court of the United States for the Northern District of Alabama.

B. P. Crum, for appellant.

W. A. Gunter, for petitioner.

J. B. Martin, for appellee.

Before PARDEE and SHELBY, Circuit Judges, and BURNS, District Judge.

PER CURIAM. The first-entitled case is an appeal in a suit in equity brought in the name of the Eagle Iron Company against its former president, charging mismanagement and conversion of the company property, and praying for restitution and an accounting. On a hearing, the Circuit Court dismissed the bill because it was not brought with sufficient authorization of the company, in that the persons claiming to be president and directors of the company and directing the suit were not legally chosen by the stockholders nor legally authorized to control the corporation. The court, however, allowed said parties this appeal in the name of the company.

The second entitled case is by petition brought in this court in the name of the corporation by counsel claiming to represent the minority stockholders, praying a mandamus to require the Circuit Court to reinstate the first-mentioned suit and proceed to judgment (and as suggested by counsel) under the direction of the minority stockholders and counsel of their selection.

It seems that at the regular annual meeting of the company held in April, 1906, a minority only of the stockholders of the company attended and participated in the election of the directors who author-

ized the institution of the first suit, and that at the next annual meeting, occurring after the suit was dismissed and the appeal was taken, a majority of the stockholders attended and elected the present board of directors, which board authorizes and requests the dismissal of the appeal pending in this court, and also the mandamus case, and counsel authorized by the present board and as representing the Eagle Iron Company, appellant in No. 1,736, and the Eagle Iron Company, petitioner in No. 1,739, now move to dismiss both of said cases.

We conclude as follows:

1. The stockholders of the Eagle Iron Company present at the regular annual meeting in April, 1906, duly called by the secretary, although not a majority of all the stockholders, could legally elect directors.

2. The directors so elected could legally direct suit No. 1,736 to be prosecuted in the Circuit Court, and after dismissal could legally prosecute an appeal in the name of the Eagle Iron Company.

3. The suit having been brought pursuant to such direction, the majority of the stockholders could, at a subsequent regularly called annual meeting in April, 1907, elect other directors, and the new board, on assuming control, could direct and control the further prosecution of the aforesaid suit.

4. But, when dismissal of such suit is moved for by the new board representing the majority stockholders, the minority stockholders, who first elected directors and brought the suit in the name of the company, should be permitted to file a supplemental bill stating the facts which occurred subsequent to the filing of the bill as to the control of the corporation and proposed dismissal of the suit, and praying for the relief sought by the original bill; and on such supplemental bill the court should grant leave to the minority stockholders to further prosecute the suit at their own expense, the same as if the suit had been originally instituted by them as stockholders suing in the name and right of the company.

It follows that the motion made in this court October 28, 1907, on the day the case was set down for argument to dismiss the appeal, should be overruled, and the case should be remanded and reinstated on the docket of the Circuit Court, with leave to renew the motion to dismiss the cause in the Circuit Court, which motion, if made, should be granted, unless within a reasonable time, with leave of the court, a supplemental bill as above indicated, and complying with the ninety-fourth equity rule, except as to the last paragraph thereof, shall be filed by the minority stockholders who are interested in the further prosecution of the suit; the costs of appeal to be paid by the Eagle Iron Company.

The petition for a mandamus, No. 1,739, should be dismissed at the costs of the parties (other than the Eagle Iron Company) who filed the same.

And it is so ordered.