# NATIONAL POWER & PAPER COMPANY v. JOHN P. ROSSMAN and Another.[1]

July 11, 1913.

Nos. 18,057—(103).

**Corporation — action by stockholders to cancel stock.**

1. Stockholders may maintain an action against an officer of a corporation and those in collusion with him to cancel stock acquired in fraud of the corporation and its stockholders, if the corporation refuses to do so.

**Collusive dismissal — remedy of stockholders.**

2. If the corporation commences such an action and collusively plans to dismiss it, stockholders may intervene and continue the action.

**Vacating judgment of dismissal.**

3. A judgment of dismissal ends the action. But the court has jurisdiction to vacate such a judgment, in case of fraud or collusion, on the motion of a party or of strangers who bear such relation thereto or to the subject-matter that their rights may be affected.

**Prosecution of action by stockholders.**

4. Stockholders cannot continue the action, except by becoming parties to it, but they may, after judgment of dismissal, procure a vacation of the judgment and become parties.

**Dismissal of action by plaintiff.**

5. Ordinarily the plaintiff has the absolute right to dismiss his action, but a plaintiff who acts in a fiduciary capacity has not such absolute right. If he fails to act in good faith toward those whom he serves, and acts in collusion with the defendant, the dismissal may be set aside.

**Dismissal of action by board of directors.**

6. The board of directors of a corporation may, under ordinary circumstances, control an action brought by the corporation, and may dismiss it without consulting the stockholders, and their action is, in ordinary cases, conclusive. But the board of directors has no right to dismiss an action through collusion with defendant, and, if they do so, the dismissal may be set aside at the instance of stockholders, the action reinstated, and the stockholders permitted to become parties and to continue the action, when such course is necessary to save or protect their substantial rights.

[1] Reported in 142 N. W. 818.

**Stockholders not restricted to independent action.**

7. The stockholders are not obliged to resort to an independent action when large expense has been incurred in the action commenced by the corporation, the benefit of which they can avail themselves of only by continuation of that action.

**Demand on corporation unnecessary.**

8. A stockholder cannot ordinarily maintain an action of this sort, until he has made demand of the corporation to do so and the corporation has refused. But if it is manifest that such demand would be futile, it is not required.

**Evidence.**

9. In this action it sufficiently appears that one at least of the complaining stockholders was a stockholder at the time of the wrongdoing complained of.

Action in the district court for St. Louis county to restrain defendants from voting certain stock of plaintiff corporation, evidenced by certain certificates held by defendants Rossman and McAlpine, at the annual meeting to be held August 1, 1911, and to have certain transactions mentioned in the opinion declared null and void and for other relief. The facts are stated in the opinion.

Charles A. Schultze and others, as stockholders in plaintiff corporation, moved that a certain stipulation of dismissal of the action mentioned in the opinion be vacated and that they, in behalf of themselves as stockholders of plaintiff and in behalf of all other stockholders similarly situated, be admitted as parties to the action, if necessary, and allowed to prosecute the action in the name of the corporation and for the benefit of themselves and all other stockholders similarly situated. The moving parties obtained an order directing plaintiff and defendants to show cause why the instrument of dismissal should not be set aside and the moving parties admitted as parties to the action and allowed to prosecute it in the name of the corporation for its benefit. The motion was heard by Dancer, J., who ordered the stipulation to be set aside and the moving parties allowed to intervene in the action upon their filing an approved bond in the sum of $1,000. From that order, defendants and plaintiff appealed. Affirmed.

*Harris Richardson* and *Walter Richardson,* for plaintiff.

*R. R. Briggs,* for defendants.
*Alford & Hunt,* for interveners.

HALLAM, J.

The plaintiff, National Power & Paper Co., is a Minnesota corporation, organized in 1905. Defendant Rossman has at all times been its secretary, treasurer, and general manager, and, up to May 15, 1912, a director.

It is alleged that in 1907 said Rossman entered into negotiations with the state of Minnesota for the purchase of certain timber to be sold at public sale, and advised the board of directors that he had arranged to have same bid in for the corporation; that he in fact caused the same to be bid in, for $748.75, in the name of defendant McAlpine, as part of a plan to defraud the corporation; that on January 3, 1908, at a meeting of the stockholders, defendant Rossman, as part of the same fraudulent plan, advised the purchase of a portion of this timber from McAlpine for $4,000, to be paid for in stock at 50 cents on the dollar; that on his advice and through his misrepresentation as to the value of said timber, and as to other facts, it was so purchased; that, at a prior date, said Rossman had given the notes of the corporation to said McAlpine for $1,000, in payment for another portion of said timber. These notes were transferred by McAlpine to Rossman and were paid by the corporation by issue of stock.

It is further alleged that in 1906 defendants McAlpine and Rossman purchased certain lands of the Northwestern Improvement Co. in the name of McAlpine for the sum of $4,640, and, by fraud and misrepresentation, induced the corporation to purchase the same for $8,120, the corporation paying the whole of the cash consideration to the Northwestern Improvement Co., the balance being paid in stock of the company, which was issued to defendant Rossman.

The corporation brought this action in July, 1911, against the defendants Rossman and McAlpine to cancel said stock. On August 2, 1911, a temporary injunction issued restraining the defendants from voting certain of this stock. Later, in August, 1911, the annual meeting of the corporation was held and there was elected a new set

of directors, with the exception of defendant Rossman. Defendant McAlpine was one of the new directors elected. At a directors' meeting held May 15, 1912, defendant Rossman and one other director resigned and two others were elected in their stead. At this meeting a resolution was passed directing that the attorney for the plaintiff be paid and discharged and that the action be dismissed. Without consulting said attorney a stipulation of dismissal was signed, in the name of plaintiff, by its vice-president, and by defendants in person, and judgment of dismissal was entered thereon June 3, 1912. It is alleged, in the moving papers, that depositions of witnesses had been taken in behalf of plaintiff, and a large amount of other preparation for trial made by plaintiff, at considerable expense.

The interveners, stockholders of the corporation, thereupon and on June 4, 1912, made application, in behalf of themselves and of all other stockholders similarly situated, to vacate said stipulation and dismissal and reinstate the action, to be admitted as parties to said action, and to be allowed to prosecute said action for the benefit of its stockholders, on the ground that the said dismissal was illegal, improvident and collusive, and that, if allowed to stand, it would work irreparable injury to said corporation and to said moving stockholders. After hearing, and on July 24, 1912, the court made its order, that upon filing a bond in the sum of $1,000, conditioned to save plaintiff harmless from all taxable costs and disbursements in the action, said dismissal be vacated and set aside and said action be reinstated for trial, with leave to said stockholders to intervene on behalf of themselves and of other stockholders similarly situated. The plaintiff and both defendants appeal.

Appellants contend that the court had no jurisdiction, on the motion of these stockholders, not parties to the suit, to vacate the judgment of dismissal entered pursuant to stipulation of the parties; that the right of the parties to stipulate for a dismissal of an action is absolute, and that after such dismissal the action is at an end; that third persons must first become parties to an action by intervention, before they can have any relief therein, and that there can be no intervention after the action has been closed and has ceased to be a pending action; that the board of directors of the corporation had con-

trol of the action, and had absolute authority to stipulate for its dismissal; that, even if the stockholders had any right to prosecute such an action under any circumstances, such right exists or accrues only after demand has first been made of the board of directors to act and after they have refused to do so; that some of the interveners were not stockholders at the time such fraudulent acts were committed, and that they can therefore have no standing in court to attack them.

We are called upon to determine, not the rights of interested persons, after dismissal of an action in the ordinary case, but the rights of stockholders of a corporation, which is plaintiff in an action, where the board of directors, in collusion with the defendant, dismisses the action, as part of a plan to defraud the stockholders.

1. Under the state of facts alleged, these intervening stockholders could clearly have maintained an independent action, in their own name, against these defendants to cancel the stock acquired by them in the two transactions mentioned, in case the corporation refused to do so. If the facts alleged are true, then the defendant Rossman, an officer of the corporation, upon whose good conduct the stockholders had a right to rely, perpetrated a fraud upon them. The courts afford relief against such violation of good faith. Jones v. Morrison, 31 Minn. 140, 16 N. W. 854; Rothwell v. Robinson, 39 Minn. 1, 38 N. W. 772, 12 Am. St. 608; Pencille v. State Farmers' Mutual Hail Ins. Co. 74 Minn. 67, 76 N. W. 1026, 73 Am. St. 326; Janney v. Minneapolis Industrial Exposition, 79 Minn. 488, 82 N. W. 984, 50 L.R.A. 273; Shaw v. Staight, 107 Minn. 152, 119 N. W. 951, 20 L.R.A.(N.S.) 1077.

2. These stockholders might also have intervened in the action, commenced by the corporation before the dismissal, had they learned of the proposed dismissal in time to have done so. 3 Cook, Corporations, § 750; Morrill v. Little Falls Mfg. Co. 46 Minn. 260, 48 N. W. 1124; Bronson v. LaCrosse & M. R. Co. 2 Wall. 283, 17 L. ed. 725; Frederick v. Frederick, 20 S. D. 335, 106 N. W. 298; Bugbee v. Holmes, 60 Neb. 39, 82 N. W. 109; Ex parte Gray, 157 Ala. 358, 47 South. 286, 131 Am. St. 62; Eagle Iron Co. v. Colyar, 156 Fed. 954, 87 C. C. A. 388.

3. It is true that a judgment of dismissal ends the action. It does

not follow that the court has no jurisdiction to vacate such a judgment. It is clear that one who is a party to the action may, in a proper case, have a judgment of dismissal vacated and the action reinstated. The court has undoubted jurisdiction to vacate a dismissal in such a case, upon proper notice to the parties. It is also a well recognized rule that "persons who were strangers to the record will have a standing to apply for a vacation of the judgment when the same was obtained by fraud or collusion, and they bear such relation thereto, or to the subject matter of the case, that their rights may be affected." 1 Black, Judgments, § 317; 1 Freeman, Judgments, § 92; 23 Cyc. 898, 899; Picciano v. Duluth, M. & N. Ry. Co. 102 Minn. 21, 112 N. W. 885; Ladd v. Stevenson, 112 N. Y. 325, 19 N. E. 842, 8 Am. St. 748; Edwards v. Perryman, 18 Ga. 374; Ætna v. Aldrich, 38 Wis. 107; Brettell v. Deffebach, 6 S. D. 21, 60 N. W. 167.

In Picciano v. Duluth, M. & N. Ry. Co. supra, a judgment of dismissal, entered on the stipulation of a father, the plaintiff in the action, which was instituted on behalf of his minor child, was set aside on application on behalf of the son, on the ground that he had not been fairly represented. The jurisdiction of the court and the propriety of its exercise were sustained.

In Ladd v. Stevenson, supra, the court granted an application of successors in interest, not parties, to vacate a judgment and to be permitted to defend. Earl, J., said: "Its power to do so does not depend upon any statute, but is inherent, and it would be quite unfortunate if it did not possess it to the fullest extent."

In Brettell v. Deffebach, supra, it was held that the real party in interest to whom property in litigation has been transferred and who is entitled to be substituted in the action, can move, and, in a proper case, can secure the vacation of the judgment.

In Edwards v. Perryman, supra, a bill in equity dismissed by a trustee was held properly reinstated on motion of the cestui que trust.

It is clear that the district court had, in this case, jurisdiction to make the order appealed from.

4. The only questions for decision, then, are questions of practice and procedure. These stockholders cannot continue the action, ex-

cept by becoming parties to it, for a stranger to an action can in no other manner have his rights in the·subject-matter of the action adjudicated. Mann v. Flower, 26 Minn. 479, 5 N. W. 365; Hunt v. O'Leary, 78 Minn. 281, 284, 80 N. W. 1120. But we are of the opinion that these stockholders had a right to procure a vacation of the judgment of dismissal and to become parties to this action.

5. This plaintiff had not the absolute right to dismiss this action. Ordinarily a plaintiff in an action has an absolute right to stipulate for its dismissal. But this is only when the action is prosecuted for his sole benefit. He has no such absolute right when he acts in a fiduciary capacity. In such case he must act in good faith toward those whom he serves, and, if he fails to do so and acts in collusion with the defendant, the dismissal may be set aside. A fiduciary relation exists between the board of directors of a corporation and its stockholders. It is quite immaterial whether or not this relation is the technical relation of trustee and cestui que trust. It is fiduciary to such an extent that the board has no absolute power of disposal of the property and rights of the corporation, but must in good faith serve the interest of the stockholders. Jones v. Morrison, 31 Minn. 140, 16 N. W. 854; Janney v. Minneapolis Industrial Exposition, 79 Minn. 488, 496, 82 N. W. 984, 50 L.R.A. 273; Wheeler v. Abilene Nat. Bank Building Co. 159 Fed. 391, 89 C. C. A. 477, 16 L.R.A.(N.S.) 892, 14 Ann. Cas. 917.

6. It is undoubtedly true that the board of directors is the managing body of the corporation; that under ordinary circumstances such board may control an action brought by the corporation, and may dismiss it, and that they cannot be obliged to consult the stockholders or procure their consent before doing so. The determination of the board is, in ordinary cases, conclusive, and stockholders cannot be heard in an application to set aside such dismissal. 3 Cook, Corporations, § 750; 10 Cyc. 969; Rothwell v. Robinson, 39 Minn. 1, 38 N. W. 772, 12 Am. St. 608. But the board of directors has not the right to dismiss an action through collusion with the defendant and with the collusive purpose of defrauding minority stockholders. If they do so, the dismissal may be set aside and the action reinstated. We hold that, where an action is brought by a corpora-

tion against its officers or directors to obtain relief on account of their fraud, and the action is dismissed without a determination on the merits, and without the knowledge of stockholders interested, and the dismissal is collusive and in fraud of their rights, they may invoke the jurisdiction of the court to be permitted to vacate such dismissal, may have a reinstatement of the action, and may be permitted to become parties thereto, and to continue the action, when such course is necessary to save or protect their substantial rights.

7. It is urged that these stockholders should assert their rights in an independent action. We cannot hold that they were obliged to do so. It appears that considerable expense has been incurred in this action, in framing issues, in taking depositions of witnesses and in preparing for trial. Most of this would be unavailable to these interveners in an independent action. It is accordingly important to them that this action be kept alive, if it is possible to do so. The importance to them of continuing this action furnishes the ground for their being permitted to do so.

8. It is true, a stockholder of a corporation cannot maintain an action of this sort, until demand has been made of the corporation to prosecute it and such demand has been refused. But such demand is not required when it is plain that it would be futile. Rothwell v. Robinson, supra; Pencille v. State Farmer's Mutual Hail Ins. Co. supra. It is plain that demand would be futile in this case.

9. It is urged that such an action as this cannot be maintained by a stockholder, unless upon a showing that he was a stockholder at the time of the wrongdoing complained of, and there is no such showing in this case. We need not concern ourselves with the question whether any but stockholders at the time of such transactions can complain of them. There is a showing that respondent Schultze, at least, has been a stockholder ever since the commencement of the corporation, and that he was the owner of 250 shares of stock on January 3, 1908. This was before some of the transactions complained of.

The conclusions we have reached are sustained by sound principles of law, and are in harmony with well-recognized rules of procedure. The case is not one of statutory intervention. It is rather a substitution of parties. The stockholders have not the requisite interest

for intervention under the statute until the officers or directors of the corporation fail in their duty. They may then assume full charge of the prosecution. See Morrill v. Little Falls Mfg. Co. 46 Minn. 260, 48 N. W. 1124. Bronson v. LaCrosse & M. R. Co. supra, But, by whatever name the procedure be known, we regard the rights of the parties clear in principle and well sustained by authority.

Order affirmed.