# NATIONAL POWER & PAPER COMPANY v. JOHN P. ROSSMAN.[1]

July 11, 1913.

Nos. 18,056—(102).[2]

**Case followed.**

Action in the district court for St. Louis county to require defendant to account for his official conduct in the management of plaintiff's funds, to remove him from his offices of secretary, treasurer and director of plaintiff, to set aside all unauthorized alienations of property by defendant and, pending the determination of the action, to restrain defendant from voting certain shares of stock. Charles A. Schultze and others, as stockholders in plaintiff corporation, moved that a certain stipulation of dismissal of an action be vacated and that they, in behalf of all other stockholders similarly situated, be admitted as parties to the action and allowed to prosecute the action in the name of the corporation for its benefit and that of all other stockholders similarly situated. The moving parties obtained an order directing plaintiff and defendant to show cause why the instrument of dismissal should not be vacated, and the moving parties admitted as parties to the action and allowed to prosecute it in the name of the corporation for its benefit. The motion was heard by Dancer, J., who ordered the stipulation set aside and that the moving parties be allowed to intervene in the action upon their filing an approved bond in the sum of $1,000. From that order, plaintiff and defendant appealed. Affirmed.

[1] Reported in 142 N. W. 822.          [2] April, 1913, term calendar.

*Harris Richardson* and *Walter Richardson,* for plaintiff.
*R. R. Briggs,* for defendants.
*Alford & Hunt,* for interveners.

PER CURIAM.

The facts involved in this case, and the legal questions raised therein, are substantially like those in National Power & Paper Co. v. Rossman, supra, page 355, 142 N. W. 818, and for the reasons therein stated, the order of the trial court in this case is affirmed.

So ordered.