ALBIN O. ANDERSON AND ANOTHER v. WILLIAM CAMPBELL, SR. AND OTHERS.[1]

February 15, 1929.

No. 27,069.

[1]Reported in 223 N. W. 624.

412

*P. A. Wells, W. C. Preus* and *George A. Heisey,* for appellants.
*Donohue, Quigley & Donohue,* for respondents.

Wilson, C. J.

Plaintiffs appealed from an adverse judgment.

In 1924 the Pioneer Granite Company, having three stockholders, Great Northern Granite Company, having five stockholders, and the Campbell North Star Granite Company, having three stockholders, corporations, were engaged separately in the business of monumental and construction work and operating granite quarries at

St. Cloud. The stockholders in these corporations perfected a consolidation by organizing another corporation, the defendant North Star Granite Corporation, which took over the assets, except working capital, of the three corporations.

Plaintiff Anderson, Joseph George and David Alexander were equal owners of the stock of the Pioneer Granite Company. Mr. Alexander was president, Mr. Anderson was vice president and Mr. George was secretary. Mr. Anderson worked as a foreman. This action is brought for rescission on the ground of fraud.

■ Plaintiff Anderson prosecuted the action in his name and in the name of the corporation. Ordinarily a stockholder must first demand action by the corporation before he can prosecute an action of this character in the name of the corporation. But in this case we may assume from the oral argument that the demand would have been futile and if so it was unnecessary. National P. & P. Co. v. Rossman, 122 Minn. 355, 142 N. W. 818, Ann. Cas. 1914D, 830.

■ Plaintiffs' claim is that representations were made to induce the consolidation to the effect that he, Anderson, was to be retained as a foreman in the same kind of work as before at a compensation of $10 per day "straight time," and that large profits and large dividends were to follow. There were other claims. He says he was discharged and that all the representations were untrue, etc.

Mr. Anderson was given the continued employment at the salary mentioned. There is a dispute as to the cause of his not working after May 23, 1925. He claims to have been discharged. This is denied, and defendants claim he was not and that he can go on with his work at any time. We do not discuss the lengthy evidence bearing upon the claim of fraud. The whole claim was denied, and in the light most favorable to plaintiffs we may say that the claim of facts and circumstances urged as constituting fraud are contradicted and the trial court has accepted the defendants' version, which in our judgment is the more probable and convincing. The evidence reasonably supports the finding negativing fraud.

■ The real estate of the Pioneer Granite Company was conveyed to the new corporation. A deed was prepared for the presi-

dent and secretary to sign. The officers' names were apparently unknown to the scrivener, who left blank places in the acknowledgment for their insertion. When the time came for execution the president was absent and plaintiff Anderson, the vice president, executed the deed. The word "vice" was not inserted before the word president appearing below the signature nor in the acknowledgment.

The claim is now made by plaintiffs that the deed is void. It is valid on its face. It however shows Anderson to be president when he was vice president only. The president, under the circumstances hereinafter mentioned, had the power to execute it. If the corporation had any by-laws, they did not define or limit the duties of the vice president contemplated by the articles of incorporation. His title, including the qualifying word "vice," indicates that he was to act for another, towit, the president. This means in itself that in certain cases he may assume the duties of the president, and the most usual occasion for him so to act would be in the absence of the president. In the absence of by-laws defining or limiting his authority, he is a substitute for and when the president is absent or disqualified. Under such circumstances he is within the authority extended to the president to make the conveyance.

█ When the deed was executed and delivered all the parties, including plaintiffs, intended it to be just what it purported to be. The erroneous description of Anderson as president instead of vice president was a harmless clerical inadvertence, and the plaintiffs are not in a position to take advantage thereof.

█ The claim is made that no formal resolution was passed or adopted by the directors of the Pioneer Granite Company authorizing the officers to execute and deliver the deed. The three directors owned all the stock. They met informally on several occasions and planned and arranged the transaction. They also met with the stockholders and directors of the other corporations which were going into the new corporation. These three men received a certain amount of stock in the new corporation for the deed and other assets. The meetings were all informal. But informality is no indication of illegality. All the stockholders and officers—all persons

who had any interest in the transaction—participated in the informal proceedings resulting in the necessity of making and delivering the deed. They intended it to be made and delivered. It was within their power to make and deliver a valid deed. That was their intention. Why should they be heard to say their acts were not legal after others had acted thereon in such important business matters as here involved? These three men got just what they expected to get for the deed. They all are estopped from questioning their own informality in authorizing the execution and delivery of the deed. Whatever estops all the stockholders in such a transaction also estops the corporation.

Affirmed.

